UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS MOORE,

    Plaintiff,

v.                                                                Case No. 3:12-cv-753-J-12JBT

STATE OF FLORIDA, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint). Plaintiff names the following Defendants: (1) the State of Florida; (2) Jon S. Wheeler, Clerk of Florida's First District Court of Appeal; (3) Thomas D. Hall, Clerk of the Florida Supreme Court; (4) Pamela Jo Bondi, the Attorney General of Florida; (5) Mark W. Moseley, Circuit Judge for Florida's Eighth Judicial Circuit; and (6) Ray Norman, Clerk of the Bradford County Circuit Court. Although the Complaint is not a model of clarity, it appears that Plaintiff is challenging his December 12, 1973 state court (Bradford County) judgment of conviction for robbery. He also appears to contend that the Florida courts have wrongfully denied him post-conviction relief. Plaintiff seeks immediate release from prison and compensatory damages for his illegal incarceration in the amount of $20,000,000.00.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune

from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

Insofar as Plaintiff may be attempting to raise a malicious prosecution claim, his claim is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> Further, in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. See Kelly v. Serna, 87 F.3d at 1240-41; Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998).

Here, Plaintiff has not alleged that the criminal proceedings have terminated in his favor. In fact, as noted previously, he alleges that the Florida courts have wrongfully denied him post-conviction relief, and he seeks immediate release from prison. Therefore, he has failed to state a claim upon which relief may be granted at this time with respect to his malicious prosecution claim.

Insofar as Plaintiff requests this Court to overturn his conviction and order his immediate release, such requests are not cognizable in a civil rights proceeding. Instead, Plaintiff must seek such relief by filing a petition for writ of habeas corpus. The Court notes

that Plaintiff previously filed a petition for writ of habeas corpus in this Court that was denied. See Case No. 77-187-Civ-J-12 (M.D. Fla.). Upon his appeal, the Fifth Circuit Court of Appeals affirmed. See Moore v. Wainwright, 633 F.2d 406 (5th Cir. 1980). Plaintiff has also sought leave from the Eleventh Circuit Court of Appeals to file a second or successive petition for writ of habeas corpus in this Court; however, his request was denied on September 1, 2010. See Case No. 10-13774-D (11th Cir.).

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice to Plaintiff's right to challenge his December 12, 1973 judgment of conviction if he obtains the requisite authorization from the Eleventh Circuit to file a second or successive petition for writ of habeas corpus in this Court. This case will also be dismissed without prejudice to Plaintiff's right to file a malicious prosecution case in this Court if he is successful in overturning or invalidating his December 12, 1973 judgment of conviction.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** this 25th day of July, 2012.

*Howell W. Melton*
Senior United States District Judge

ps 7/11
c:Carlos Moore